IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT LEROY WERNER II, : | |
|     Petitioner, : | |
| : | 1:14-cv-1751 |
| v. : | |
| : | Hon. John E. Jones III |
| UNITED STATES OF AMERICA, : | |
|     Respondent. : | |

**MEMORANDUM**

**November 4, 2014**

On September 7, 2014, Petitioner, Robert Leroy Werner II, an inmate currently confined at the Federal Correctional Institution, Allenwood Low, in White Deer, Pennsylvania ("LSCI-Allenwood"), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 claiming inadequate dental care at LSCI-Allenwood. (Doc. 1). For relief, Petitioner seeks "to be compensated for [] [his] dental issue to be corrected after leaving LSCI Allenwood."[1] (Doc. 1, p. 8). The petition is presently before the Court for screening and, for the reasons set forth below, will be dismissed.

**I.    STANDARD OF REVIEW - SCREENING**

Habeas corpus petitions filed pursuant to 28 U.S.C. § 2241 must be promptly screened and are subject to summary dismissal "[i]f it plainly appears from the

---

[1] Petitioner states that he is scheduled to be released from LSCI-Allenwood on November 4, 2014. (Doc. 1, p. 8).

petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts; *Patton v. Fenton*, 491 F. Supp. 156, 158 (M.D. Pa. 1979). "A petition may be dismissed without review of an answer 'when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . .'" *Belt v. Scism*, 2010 U.S. Dist. LEXIS 97052, *2-3 (M.D. Pa. 2010) (quoting *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.), *cert. denied*, 400 U.S. 906 (1970)).

## II. DISCUSSION

Habeas corpus is an avenue by which a prisoner may challenge the fact or duration of his confinement in prison. *Preiser v. Rodriguez*, 411 U.S. 475, 484, 500 (1973). It is also available for a prisoner to challenge the execution of his sentence, meaning how it is "put into effect" or "carr[ied] out." *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 243-44 (3d Cir. 2005)). "Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction," a civil rights action is appropriate. *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).

In the instant action, Petitioner is not challenging his conviction, the very fact or duration of his physical imprisonment, or the execution of his sentence. As

stated, Petitioner claims that he received "[i]mproper or inadequate dental care" at LSCI-Allenwood. (Doc. 1, p. 2). Specifically, Petitioner states that he has been unable to get a partial plate. (*Id.*). He sets forth no other issues in his habeas petition. Accordingly, Petitioner's claim is not within the scope of habeas corpus, but may be cognizable as a civil rights action.[2] *See Lee v. Williamson*, 297 Fed. Appx. 147, 148 (3d Cir. 2008) (petitioner's claims concerning, *inter alia*, his medical needs did not lie at the core of habeas and, therefore, were not cognizable in a § 2241 petition); *Almonte v. Hufford*, 2011 WL 5593136 (M.D. Pa. 2011) (Munley, J.) (dismissing without prejudice the habeas petition, finding that Petitioner's challenge to his medical treatment could have been filed in a civil rights action pursuant to *Bivens*); *Hill v. Holt*, 2010 WL 5391319, *3 (M.D. Pa. 2010) (Carlson, M.J.), *adopted by*, 2010 WL 5391197 (M.D. Pa. 2010) (Kosik, J.) ("While inmates often invoke habeas corpus relief as a remedy for prison medical disputes, it is generally agreed that such claims are not cognizable in habeas corpus.").

Based on the foregoing, the habeas petition will be dismissed without prejudice. An appropriate order follows.

---

[2] This Court is offering no opinion as to the merit, if any, of any civil rights claim Petitioner may file based upon the facts asserted in the instant petition.